## Markowicz v. Brotzman

*Frederick J. Lanshe*, for plaintiffs.
*Harry A. Kitey*, for defendants.

DAVISON, J., July 3, 1973.—This is an action in equity in which plaintiffs seek to require their neigh-

bors to the immediate west, defendants, to remove a certain chain link fence located on defendants' property.

The parties have stipulated to the pertinent facts. Plaintiffs own and reside at 715 East Tilghman Street, and defendants at 709 East Tilghman Street, in the City of Allentown, Lehigh County, Pa. Some time during 1965, defendants erected solely on their own property and within approximately one-half foot of their eastern property line, the four-foot high chain link fence to which plaintiffs object. The fence in no way encroaches on plaintiffs' premises. Defendants' house was built in accordance with a duly issued building permit. The properties in question are located in an area zoned Industrial A and the parties agreed that under the zoning ordinance in effect at the time of construction, no side-yard setbacks for buildings or fences were required.

The fence is within three and one-half feet of plaintiffs' residence and the basis of plaintiffs' complaint seems to be that defendants' fence is simply too close for the enjoyment and convenience of plaintiffs. Consequently, while they voice no objection to the fence itself, they seek its relocation some distance west of its present location.

While we may not be unsympathetic to plaintiffs' discomfort with the proximity of the fence, we may only grant relief where there is legal precedent and the rights are clear. An injunction is the form of equitable proceeding which protects rights from irreparable injury and such a remedy should be exercised only in clear cases. The power of the court to issue an injunction should be exercised with great caution and only where reason and necessity are clearly established. One seeking an injunction must show at least a strong prima facie case entitling such party to the relief re-

quested: 18 P.L.Encyc., Injunction, 288, §§1 and 2. Particularly where, as here, plaintiffs have failed to prove that defendants have violated any of plaintiffs' rights and, in the absence of any precedent being called to our attention permitting the relief requested, we are not disposed toward exercising our equitable powers.

The following will be entered as the

## DECREE NISI

Now, July 3, 1973, it is ordered that plaintiffs' complaint in equity be and the same is hereby dismissed.

Costs of suit to be paid by plaintiffs.

If no exceptions are filed to the foregoing adjudication within 20 days after notice of filing the same shall have been given to counsel, the decree nisi shall be entered by the prothonotary, on praecipe, as the final decree in this case.